IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:15CR446 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| TERRENCE JOSEPH MCNEIL, | ) | **TRIAL BRIEF** |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through counsel, David A. Sierleja, Acting United

States Attorney, Michelle M. Baeppler and Christos Georgalis, Assistant United States

Attorneys, and respectfully submit the following Trial Brief.

## I.    PROCEDURAL HISTORY

On November 12, 2015, Defendant Terrence Joseph McNeil (hereinafter, "Defendant")

was arrested on a federal criminal complaint for soliciting a crime of violence in violation of

18 U.S.C.. § 373.  (R. 1, Complaint Affidavit, PageID 3).  On November 16, 2015, Defendant

waived a detention hearing and was ordered detained by Magistrate Judge Kathleen B. Burke.

(R. 5, Waiver, PageID 30).  On December 8, 2015, a federal grand jury charged Defendant in a

six-count Indictment, alleging three counts of communicating a threat in interstate commerce, in

violation of 18 U.S.C. § 875(c), and three counts of soliciting a crime of violence, in violation of 18 U.S.C. § 373, and aiding and abetting such crimes.  (R. 7, Indictment, PageID 32–40).

On June 29, 2015, this Court referred Defendant to the Bureau of Prisons for a psychiatric/psychological evaluation to determine whether Defendant was competent to stand trial and to understand the nature and consequences of the proceeding against him.  (R. 26, Order, PageID 132).  Pending the final results of Defendant's evaluation, on October 13, 2016, a federal grand jury returned a Superseding Indictment against Defendant, charging him with fifteen counts of violating 18 U.S.C. § 875(c), 18 U.S.C. § 373, as well as additional violations of publicizing restricted personal information, in violation of 18 U.S.C. § 119, and aiding and abetting such crimes.  (R. 30, Superseding Indictment, PageID 188-203).

On October 18, 2016, this Court held a hearing to address Defendant's competency evaluation, the Superseding Indictment, and other pretrial matters.  At the hearing, this Court reviewed the competency report prepared by Robert Johnson, Ph.D, "that concluded that [Defendant] [was] competent to stand trial."  (R. 34, October 18, 2016 Tr., PageID 221).  Neither party challenged the report.  (Id.)

On December 8, 2016, Defendant filed a Motion to Dismiss the Indictment; on December 13, 2016, a Motion to Suppress and on December 12, 2016, a Request for Notice of the Government's Intention to Introduce 404(b) evidence.  The Motion to Dismiss was denied.  (R. 57, January 11, 2017, PageID 496-507).  A hearing on the Motion to Suppress was held and this motion was denied.  (R. 56, January 10, 2017).  Defendant also filed a Request for a Daubert Hearing relative to the proposed testimony of William Braniff.  This request was denied. (R. 54, January 4, 2017, PageID 486-92).  An evidentiary hearing was also held on March 15, 2017, regarding the government's proposed exhibits.

## II.    FACTUAL BACKGROUND

The underlying facts of this matter are set forth in the criminal complaint affidavit (R. 1, Complaint Affidavit, PageID 2–25) as well as the Superseding Indictment (R. 30, Superseding Indictment, PageID 188 - 203).  In short, Defendant declared his support of the foreign terrorist organization, the Islamic State, and used his social media accounts to solicit the murder of, threaten the lives of, and publicize the personal information belonging to, scores of U.S. military service men and women.  As provided in the affidavit, "[o]n June 12, 2015, Defendant declared his support of ISIS, also referred to as ISIL, in a Tumblr posting on the internet.  Defendant posted a response to an anonymous user's question 'If U [sic] support ISIS just admit it coward.'  Defendant responded, 'lmao I don't support Egyptian idols if you mean the Islamic State I have stated many times that I do support them.'"

The conduct relating to the specific Counts in the Superseding Indictment arises from five specific social media posts Defendant made in September and October 2015, though, as discussed below, all of Defendant's conduct, both online and offline, provide circumstances strongly corroborative of his intent to solicit the murder of the U.S. servicemen and women, as well as his intent to threaten, intimidate, and incite/facilitate crimes against them.

Counts 1 through 3 relate to a September 24, 2015 Tumblr post, which is described in the Superseding Indictment as follows:

> On or about September 24, 2015, Defendant posted on his Tumblr account a file that displayed a banner titled, "Islamic State Hacking Division," stretched across the background of the black flag commonly used by ISIL and its supporters. Beneath the banner was written, "Target:  United States Military" and "Leak: Addresses of 100 US Military Personnel."  The file type was a .gif file, which allowed multiple still images to be looped in one file, with a timed delay between each image being displayed.  The file was publically available.

3

The text of the first image read, in part, "O Kuffar in America, O you who worship the cross, O You crusaders that fight the Islamic State, we say to you:  'DIE IN YOUR RAGE,' die in your rage because with the grace of Allah, The Islamic State Hacking Division (ISHD) has hacked several military servers, databases and emails and with all this access we have successfully obtained personal information related to military personnel in the United States Air Force, NAVY & Army. . . .  [W]e have decided to leak 100 addresses so that our brothers residing in America can deal with you."

The text of the first image continued:  "O Brothers in America, know that the jihad against the crusaders is not limited to the lands of the Khilafah, it is a world-wide jihad and their war is not just a war against the Islamic State, it is a war against Islam. . . .  Know that it is wajib for you to kill these kuffar! and now we have made it easy for you by giving you addresses, all you need to do is take the final step, so what are you waiting for?  Kill them in their own lands, behead them in their own homes, stab them to death as they walk their streets thinking that they are safe. . . ."

The file then looped through several dozen photographs of United States military personnel, along with their respective names, purported home addresses, and military branches.  Several of the photographs contained pictures of the military personnel holding infants or young children.

The final image of the loop contained a picture of a handgun and a knife with text that read:  ". . . and kill them wherever you find them . . ."

(R. 30, Superseding Indictment, PageID 190-191).

Counts 4 through 9 relate to two of Defendant's Twitter posts on September 29, 2015, which are described in the Superseding Indictment as follows:

On or about September 29, 2015, Defendant posted on his Twitter account, "RT @_cyber_caliphat: [Arabic writing] Wanted to kill New Name. . . .," which included the photographs of two United States military personnel, A.B. and W.T., along with their respective names, military divisions, and purported home addresses.  The post was publically available.

On or about September 29, 2015, Defendant posted on his Twitter account, "RT @_cyber_caliphat: [Arabic writing] Wanted to kill New Name. . . .," which included the photograph of a United States military service member, N.S., alongside two young children, in addition to the military service member's name, military division, and purported home address.  The post was publically available.

(R. 30, Superseding Indictment, PageID 191-192).

4

Counts 10 through 15 relate to Defendant's Twitter and Tumblr posts on October 3, 2015, which are described in the Superseding Indictment as follows:

On or about October 3, 2015, Defendant posted on his Twitter account, "Released – Address of the US Navy Seal [R.O.] who killed Sheikh Osama Bin Laden R.A. - #GoForth #RunRobertRun." The post was publically available. Defendant included in his post an embedded link that when clicked revealed the following:

At the top of the page, the link stated "Breaking News" and claimed to provide ". . . the address of the US Navy Seal who killed Sheikh Osama Bin Laden R.A." Beneath the text was listed R.O.'s purported home address and a link to R.O.'s purported photograph.

Defendant's link further stated that R.O "is a mummy's boy who has been trying to hide yet still lives with his father . . . and mother. . . . In between going around America to conferences boasting at how his 'claim to fame' is killing Sheikh Osama Bin Laden R.A. . . . I am posting the address to brothers & to Al Qaeda in the U.S as a number one target."

On or about October 3, 2015, Defendant posted the content regarding R.O. and his purported home address and photograph from the embedded link described above onto Defendant's Tumblr page. The post was publically available.

Defendant added the statement, "don't let this kafir sleep peacefully," to his Tumblr post.

(R. 30, Superseding Indictment, PageID 192).

Several of Defendant's online statements posted both before and after the specific communications set forth in Counts 1 through 15 of the Superseding Indictment are identified in the affidavit and Superseding Indictment. For instance, the Superseding Indictment provides:

On or about May 11, 2014, Defendant posted, "I can't wait for another 9/11, Boston bombing, or Sandy Hook!!!"

On or about May 12, 2014, Defendant posted, "I would gladly take part in an attack on this murderous regime and the poeple [sic]."

On or about May 12, 2014, Defendant posted, "I'll be proud when I sled [sic] american blood."

On or about May 14, 2014, Defendant posted, "Somebody should park a car bomb in front of a church, school, or mall."

On or about July 20, 2014, Defendant posted, "13 Israeli soldiers killed today, if that's not cause for celebration I don't know what is."

On or about February 3, 2015, Defendant posted, "This is what happens when you bomb women and children and get caught. Alhumdullilah I was worried for a while they might let that murderer go." Defendant attached to his post three pictures of a Jordanian pilot who was burned to death by ISIL fighters. The pictures were of the pilot before, during, and after his death, showing the pilot engulfed in flames.

On or about April 21, 2015, Defendant posted, "No American citizen is safe, fisabilillah they are all valid target [sic]. Until our brothers and sisters are free from imprisonment, harassment, torture, bombs, and bullets American will bleed inshallah."

On or about July 7, 2015, Defendant posted, "Too many homicidal thoughts."

On or about July 16, 2015, Defendant posted, "I just heard the news Allahu Akbar!!!! May Allah (SWT) accept our brother Muhammad Youssef Abdulazeez." Defendant's post referred to the events of July 16, 2015, where Muhammad Youssef Abdulazeez opened fire on two military installations located in Chattanooga, Tennessee. Four Marines and one Navy sailor were killed, and Abdulazeez was killed by authorities.

(R. 30, Superseding Indictment, PageID 189-190). These online statements represent a miniscule fraction of the relevant statements and posts Defendant made online, all of which provide circumstances strongly corroborative of his intent to solicit the murder of the U.S. servicemen and women, as well as his intent to threaten, intimidate, and incite/facilitate crimes against them. These additional statements include Islamic State and other foreign terrorist and Islamic extremist organizations' propaganda and materials in the form of videos, images, publications, and quotes. The government intends to offer this evidence, among other things, at Defendant's trial. An exhibit list will be filed by the Government at a later date, consistent with this Court's order.

### III.    CHARGES AND EVIDENCE TO BE PRESENTED

On October 13, 2016, a duly impaneled federal grand jury returned a 15 count superseding indictment charging Defendant with the following offenses:

1.    Communicating Threats In Interstate Commerce – Counts 1, 4, 7, 10, and 13

The Superseding Indictment charges five counts of communicating threats in interstate commerce.  Section 875(c) prohibits individuals from "transmit[ting] in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another."  Counts 1, 4, 7, 10, and 13 also allege violations of 18 U.S.C. § 2 for aiding and abetting said crimes.  To establish a violation of 18 U.S.C. § 875(c), the government must prove the following three elements: (a) The Defendant knowingly sent a message in interstate and foreign commerce; (b) Containing a true threat to injure the person of another; and (c) With intent to communicate the threatening message.

The Supreme Court recently addressed this statute's intent requirement.  In Elonis v. United States, 135 S. Ct. 2001 (June 1, 2015), the Court held that Section 875(c) does not apply to negligent conduct.  Rather, Section 875(c) applies where there is proof that the defendant was aware of the threatening nature of the communication, or, possibly, that he recklessly disregarded the fact that the communication was threatening.  Under Elonis, the intent element of Section 875(c) is satisfied by showing that the defendant transmitted the communication "for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat."  Elonis, 135 S. Ct. at 2012.  While a defendant need not communicate the threat directly to its target, the threat must be designed to have some kind of effect on some other person through intimidation.  See United States v. Jeffries, 692 F.3d 473 (6th Cir. 2012).  This Circuit has noted that threats intended to further a broader "political objective" also fall within this statute.  United

7

States v. Alkhabaz, 104 F.3d 1492, 1495 (6th Cir. 1997); accord United States v. Kelner, 534

F.2d 1020 (2d Cir. 1976).

### 2. Soliciting A Crime Of Violence – Counts 2, 5, 8, 11, and 14

Defendant is charged with five counts of soliciting a crime of violence.  In essence, 18

U.S.C. § 373(a) prohibits endeavoring to persuade another person to engage in felonious conduct

involving the use of violence or the threat of violence against another person or against property,

in violation of federal law.  The statute provides:

> (a)    Whoever, with intent that another person engage in conduct constituting a felony that has as an element the use, attempted use, or threatened use of physical force against property or against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, solicits, commands, induces, or otherwise endeavors to persuade such other person to engage in such conduct, shall be imprisoned not more than one-half the maximum term of imprisonment or (notwithstanding section 3571) fined not more than one-half of the maximum fine prescribed for the punishment of the crime solicited, or both; or if the crime solicited is punishable by life imprisonment or death, shall be imprisoned for not more than twenty years.

18 U.S.C. § 373(a).  Congress intended that the statutory phrase "otherwise endeavors to

persuade" be construed broadly to cover any situation "where a person seriously seeks to

persuade another person to engage in criminal conduct."  United States v. Buckalew, 859 F. 2d

1052, 1054 (1st Cir. 1988) (Breyer, J.) (quoting S. Rep. No. 307, 97th Cong., 1st Sess. 183-84

(1982)).  Defendant is also charged with aiding and abetting this crime in violation of 18 U.S.C.

§ 2.  For purposes of § 373, the felonious conduct that was solicited must be in violation of

federal law.  In this case, such felonious conduct was in violation of 18 U.S.C. § 1114

(Prohibiting the Killing of Members of the Uniformed Services) and 18 U.S.C. § 1389

(Prohibiting the Assault and Battery of U.S. Servicemen,).

In the Sixth Circuit, "[t]o establish a solicitation violation, the government must prove

that the defendant intended that 'another person engage in conduct constituting a felony that has

as an element the use, attempted use, or threatened use of physical force against property or against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, solicit[ed], command[ed], induce[d], or otherwise endeavor[ed] to persuade such other person to engage in such conduct.'"  United States v. Cope, 283 Fed. Appx. 384, 2008 WL 2630366 at *4 (6th Cir. 2008); accord United States v. Rahman, 198 F.3d 88, 125 (2d Cir. 1999).  The government need not establish the identity of the solicited person in order to charge a violation of this statute.  See United States v. White, 698 F.3d 1005, 1016 (7th Cir. 2012) (conviction upheld where the defendant broadcast his solicitation electronically "to reach as many white supremacist readers as possible so that someone could kill or harm" the victim).  The government must, however, prove by "strongly corroborative" circumstances that the defendant intended another person to engage in the violent conduct prohibited under the solicitation statute.  See Cope, 283 Fed. Appx. 384, 2008 WL 2630366 at *4.

When the federal offense of solicitation was enacted, Congress recognized a number of non-exclusive examples of strongly corroborative circumstances that would often be highly probative of intent:

(a)     The fact that defendant offered or promised payment or some other benefit to the person solicited if he would commit the offense;

(b)     The fact that defendant threatened harm or other detriment to the person solicited if he would not commit the offense;

(c)     The fact that defendant repeatedly solicited the commission of the offense, held forth at length in soliciting the commission of the offense, or made express protestations of seriousness in soliciting the commission of the offense;

(d)     The fact that defendant believed or was aware that the person solicited had previously committed similar offenses; and

(e)     The fact that defendant acquired weapons, tools, or information suited for use by the person solicited in the commission of the offense, or made other apparent preparations for the commission of the offense by the person solicited.

Criminal Code Reform Act of 1981, Report of the Committee on the Judiciary, United States Senate, S.Rep.No. 307, 97th Cong., 1st Sess., at p.183 (1981); See also United States v. Talley, 164 F.3d 989, 996 (6th Cir. 1999) (quoting United States v. McNeill, 887 F.2d 448, 450 (3d Cir. 1989) and United States v. Gabriel, 810 F.2d 627, 635 (7th Cir. 1987)).

3.     Publicizing Restricted Personal Information – Counts 3, 6, 9, 12, and 15

Defendant is also charged in the Superseding Indictment with five violations of 18 U.S.C. §§ 119 and 2 for publicizing restricted personal information of individuals performing certain official duties.  Title 18, United States Code, Section 119 provides the following:

(a) In General.  Whoever knowingly makes restricted personal information about a covered person, or a member of the immediate family of that covered person, publicly available-

(1) with the intent to threaten, intimidate, or incite the commission of a crime of violence against that covered person, or a member of the immediate family of that covered person; or

(2) with the intent and knowledge that the restricted personal information will be used to threaten, intimidate, or facilitate the commission of a crime of violence against that covered person, or a member of the immediate family of that covered person,

shall be fined under this title, imprisoned not more than 5 years, or both.

The term "restricted personal information" means, with respect to an individual, the Social Security number, the home address, home phone number, mobile phone number, personal email, or home fax number of, and identifiable to, that individual.  18 U.S.C. § 119(b)(1).  The term "covered person" means:

(A) an individual designated in section 1114; (B) a grand or petit juror, witness, or other officer in or of, any court of the United States, or an officer who may be, or was, serving at any examination or other proceeding before any United States

10

magistrate judge or other committing magistrate; (C) an informant or witness in a Federal criminal investigation or prosecution; or (D) a State or local officer or employee whose restricted personal information is made publicly available because of the participation in, or assistance provided to, a Federal criminal investigation by that officer or employee.

18 U.S.C. § 119(b)(2).  The elements of 18 U.S.C. § 119 are as follows:

(1)     The defendant knowingly made restricted personal information publically available; and

(2)     The information was about a covered person, or a member of the immediate family of that covered person.

(3)     This was done with:

(a)     the intent to threaten, intimidate, or incite; and

(b)     the intent and knowledge that the restricted personal information would be used to threaten, intimidate, or facilitate, the commission of a crime of violence against that person.

See 18 U.S.C. § 119.

## IV.     STIPULATIONS

On December 30, 2016, the government provided to defense counsel proposed stipulations.

Defense counsel has not confirmed whether such stipulations will be acceptable.  The government may submit additional stipulations if necessary at a later date.

## V.     ANTICIPATED EVIDENTIARY AND LEGAL ISSUES

### A.     Transcripts

Two audio recordings of interviews with Defendant will be presented by the government at trial.  In order to assist the jury in receiving the evidence, transcripts of the audio have been prepared and will play contemporaneously with the audio.  The government has provided these

transcripts to defense counsel, allowed for defense objections and corrections, as well as submitted the pertinent pattern jury instruction regarding recordings as an aid in receiving evidence.

      B.      Separation of Witnesses; Presence of Government Agent at Trial

The government respectfully requests that the Court issue a separation-of-witness order pursuant to Federal Rule of Evidence 615. The government will designate one law enforcement officer, as its representative in this case to be present at counsel table throughout the trial. His presence in the courtroom during trial is essential to the presentation of the government's case.

Respectfully submitted,

DAVID A. SIERLEJA
Acting United States Attorney

By:    /s/ Michelle M. Baeppler
       Michelle M. Baeppler (OH: 0065378)
       Christos Georgalis (OH: 0079433)
       Assistant United States Attorneys
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3995/(216) 622-3971
       (216) 685-2378 (facsimile)
       Michelle.Baeppler@usdoj.gov
       Chris.Georgalis@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March 2017 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/s/ Michelle M. Baeppler
Michelle M. Baeppler
Assistant U.S. Attorney

12