IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CASE NO. 5:15CR446 |
| Plaintiff | * | |
| -vs- | * | JUDGE DAN A. POLSTER |
| TERRENCE McNEIL | * | |
| | | DEFENDANT'S TRIAL BRIEF |
| Defendant | * | |
| | * * * | |

The Defendant, TERRENCE McNEIL, by and through undersigned counsel, respectfully submits its Trial Brief. The charges in this case are set forth in the fifteen count superseding indictment. The charges revolve around the contents of a laptop, external hard drive and cell phone confiscated from his home pursuant to a search warrant on November 12, 2015. Mr. McNeil has been detained since that time.

The fifteen counts contained in the indictment are divided into three statutory violations, 18 U.S.C. §§ 875(c) and 2 (Counts 1, 4, 7, 10, 13), 18 U.S.C. §§ 373 (a) and 2 (Counts 2, 5, 8, 11, 14) and 18 U.S.C. §§ 119 and 2 (Counts 3, 6, 9, 12, 15). 6respectfully requests, pursuant to 18 U.S.C. § 3006(A)(e)(1), that he be provided with the expert assistance of a forensic computer scientist to assist him in this case. The basis for this request is more fully set forth in the below Memorandum. The fifteen counts in the indictment are based on re-tweets or re-postings on three separate dates, September 24, 2015 (Counts 1, 2, 3), September 29, 2015 (Counts 4, 5, 6, 7, 8, 9) and October 3, 2015 (Counts 10, 11, 12, 13, 14, 15).

Mr. McNeil has entered a plea of not guilty to all counts as set forth in the superseding indictment.  At trial, the government will have to prove that Mr. McNeil knowingly violated these statutes by re-posting or re-tweeting the postings as set forth in the indictment.

Through the course of pre-trial litigation the Court has addressed and received briefing from both sides as to a number of legal and trial related matters, and the Court, having provided hearings and ruled on all of the issues, Mr. McNeil will not discuss them here again.

Pursuant to 18 U.S.C. §§ 875, *Elonis v. United States*, 135 S.Ct. 2001, 2012 (2015), "Federal criminal liability generally does not turn solely on the results of an act without considering the defendant's mental state." See also *United States v. Houston*, 792 F.3d 663 (6th Cir. 2015).  Neither case addressed the appropriate mental state which the Court should instruct the jury on.  It is Mr. McNeil's position that the proper mental state is knowingly.

At this time there are no stipulations to submit to the Court.

Counsel will continue to object to the voluminous gruesome exhibits which the government intends to introduce at trial.

Respectfully submitted,


/S/ NATHAN A. RAY_____
NATHAN A. RAY, 0041570
Attorney for Defendant
137 South Main Street, Suite 201
Akron, Ohio 44308
(330) 253-7171
burdon-merlitti@neo.rr.com

PROOF OF SERVICE

I hereby certify that on March 27, 2017, a copy of the foregoing Defendant's Trial Brief was electronically filed.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/S/ NATHAN A. RAY
NATHAN A. RAY
Attorney for Defendant